COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.   1883CV00173



Codigny Rejouis, et al
......................................................, Plaintiff(s)

vs.

Amy Kogut, CNM, et al
......................................................, Defendant(s)

## SUMMONS

To the above-named defendant: Good Samaritan Medical Center

You are hereby summoned and required to serve upon Andrew C. Meyer, Jr., Plaintiff attorney, whose address is 100 City Hall Plaza, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant Esquire, at Plymouth the ..............4th.............................day of
April ...................................................., in the year of our Lord Two thousand and ....................18.... .

Robert S. Creedon, Jr.
CLERK OF COURTS

NOTES
1.      This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.      When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.      To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................,    , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):.........................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

Dated:          ,:   ..........................................................................................................................

N.B.      TO PROCESS SERVER:-
      PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

A TRUE COPY, ATTEST

DEPUTY SHERIFF
4/9/18

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 1883CV00173

COLIGNY REJOUIS, PPA DIONY REJOUIS,
MARSHA PHILEMOND, AND
DIONY REJOUIS,
                              Plaintiff,

V.

AMY KOGUT, CNM, AND
GOOD SAMARITAN MEDICAL CENTER,
                              Defendants.

## *__COMPLAINT__*

## Count I.

1. The plaintiff, Coligny Rejouis, is a minor who brings this action through his father and next friend, Diony Rejouis, a resident of Taunton, Bristol County, Massachusetts.

2. The defendant, Amy Kogut, CNM, was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts.

3. At all times relevant to this complaint, the defendant, Amy Kogut, CNM, represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the minor plaintiff's parents that she was knowledgeable, competent, and qualified to diagnose and treat the minor plaintiff and his mother on or about 9/22/15.

4. On or about 9/22/15, the minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of the defendant, Amy Kogut, CNM, who negligently, carelessly, and without regard for the minor plaintiff's and his mother's health and well being, treated the minor plaintiff and his mother in a manner resulting in the minor plaintiff's severe personal injuries.

5. The injuries sustained by the minor plaintiff, Coligny Rejouis, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Amy Kogut, CNM, including, but not limited to the following:

   a. Defendant's misrepresentations to the minor plaintiff's parents that she was knowledgeable, skillful, and competent to diagnose and treat the minor plaintiff and his mother on or about 9/22/15;

1

b. Defendant's failure to adequately and properly diagnose the minor plaintiff's and his mother's medical condition on or about 9/22/15, and her failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the minor plaintiff and his mother, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the minor plaintiff and his mother with acceptable nursing services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty; and

e. Defendant's failure to inform and to warn of the risks involved in or associated with the minor plaintiff's and his mother's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Amy Kogut, CNM, the minor plaintiff, Coligny Rejouis, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count II.

1. The minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, repeats and reavers fully herein Paragraphs One through Six of Count I of this complaint as if each were set forth here in its entirety.

2. On or about 9/22/15, the defendant, Amy Kogut, CNM, contracted with the minor plaintiff's parents to provide professional services related to the minor plaintiff's and his mother's nursing care and treatment.

3. The defendant, Amy Kogut, CNM, expressly and impliedly warranted to the minor plaintiff's parents that she would perform and render said professional services in accordance with accepted standards for the practice of nursing, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

4. On or about 9/22/15, the defendant, Amy Kogut, CNM, breached her express and implied warranties by failing to perform and render professional services in accordance with accepted

standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

5. As a direct and proximate result of the defendant, Amy Kogut, CNM's breach of express and implied warranties, the minor plaintiff, Coligny Rejouis, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count III.

1. The minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, repeats and reavers fully herein Paragraphs One through Six of Count I and Paragraphs One through Five of Count II of this complaint as if each were set forth here in its entirety.

2. On or about 9/22/15, average qualified members of the nursing profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

3. On or about 9/22/15, the defendant, Amy Kogut, CNM, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

4. On or about 9/22/15, the defendant, Amy Kogut, CNM, did not inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother.

5. If the defendant, Amy Kogut, CNM, had informed the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother, neither the minor plaintiff's parents nor a reasonable person in their position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the minor plaintiff's parents and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Amy Kogut, CNM's failure to inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's treatment, the minor plaintiff, Coligny Rejouis, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great

pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IV.

1. The plaintiff, Marsha Philemond, is the mother of Coligny Rejouis, and the person responsible for his support and medical care and a resident of Brooklyn, Kings County, New York.

2. The defendant, Amy Kogut, CNM, was at all times relevant to this complaint a nurse licensed to practice in the Commonwealth of Massachusetts.

3. The plaintiff, Marsha Philemond, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Amy Kogut, CNM, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Amy Kogut, CNM's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Marsha Philemond, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Coligny Rejouis, throughout the life of Coligny Rejouis.

WHEREFORE, the plaintiff, Marsha Philemond, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count V.

1. The plaintiff, Marsha Philemond, is the mother of Coligny Rejouis, and a resident of Brooklyn, Kings County, New York.

2. The defendant, Amy Kogut, CNM, was at all times relevant to this complaint a nurse licensed to practice in the Commonwealth of Massachusetts.

3. The plaintiff, Marsha Philemond, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Amy Kogut, CNM, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Amy Kogut, CNM's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Marsha Philemond, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Marsha Philemond, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count VI.

1. The plaintiff, Marsha Philemond, is the mother of Coligny Rejouis, and a resident of Brooklyn, Kings County, New York.

2. The defendant, Amy Kogut, CNM, was at all times relevant to this complaint a nurse licensed to practice in the Commonwealth of Massachusetts.

3. The plaintiff, Marsha Philemond, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Amy Kogut, CNM, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Amy Kogut, CNM, the plaintiff, Marsha Philemond, has had severely restricted the benefit of the full services, society, and affection of Coligny Rejouis.

WHEREFORE, the plaintiff, Marsha Philemond, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count VII.

1. The plaintiff, Diony Rejouis, is the father of Coligny Rejouis, and the person responsible for his support and medical care and a resident of Taunton, Bristol County, Massachusetts.

2. The defendant, Amy Kogut, CNM, was at all times relevant to this complaint a nurse licensed to practice in the Commonwealth of Massachusetts.

3. The plaintiff, Diony Rejouis, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Amy Kogut, CNM, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Amy Kogut, CNM's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Diony Rejouis, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Coligny Rejouis, throughout the life of Coligny Rejouis.

WHEREFORE, the plaintiff, Diony Rejouis, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count VIII.

1. The plaintiff, Diony Rejouis, is the father of Coligny Rejouis, and a resident of Taunton, Bristol County, Massachusetts.

2. The defendant, Amy Kogut, CNM, was at all times relevant to this complaint a nurse licensed to practice in the Commonwealth of Massachusetts.

3. The plaintiff, Diony Rejouis, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Amy Kogut, CNM, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Amy Kogut, CNM's negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Diony Rejouis, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Diony Rejouis, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IX.

1. The plaintiff, Diony Rejouis, is the father of Coligny Rejouis, and a resident of Taunton, Bristol County, Massachusetts.

2. The defendant, Amy Kogut, CNM, was at all times relevant to this complaint a nurse licensed to practice in the Commonwealth of Massachusetts.

3. The plaintiff, Diony Rejouis, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Amy Kogut, CNM, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Amy Kogut, CNM, the plaintiff, Diony Rejouis, has had severely restricted the benefit of the full services, society, and affection of Coligny Rejouis.

WHEREFORE, the plaintiff, Diony Rejouis, prays judgment against the defendant, Amy Kogut, CNM, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count X.

1. The plaintiff, Coligny Rejouis, is a minor who brings this action through his father and next friend, Diony Rejouis, a resident of Taunton, Bristol County, Massachusetts.

2. The defendant, Good Samaritan Medical Center, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts,

with a principal place of business at 235 North Pearl Street, Brockton, MA 02301, in Plymouth County, Massachusetts.

3. At all times relevant to this complaint, the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the minor plaintiff's parents that it was knowledgeable, competent, and qualified to diagnose and treat the minor plaintiff and his mother on or about 9/22/15.

4. On or about 9/22/15, the minor plaintiff's mother submitted herself and the minor plaintiff to the care and treatment of the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, who negligently, carelessly, and without regard for the minor plaintiff's and his mother's health and well being, treated the minor plaintiff and his mother in a manner resulting in the minor plaintiff's severe personal injuries.

5. The injuries sustained by the minor plaintiff, Coligny Rejouis, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, including, but not limited to the following:

   a. Defendant's misrepresentations to the minor plaintiff's parents that it was knowledgeable, skillful, and competent to diagnose and treat the minor plaintiff and his mother on or about 9/22/15;

   b. Defendant's failure to adequately and properly diagnose the minor plaintiff's and his mother's medical condition on or about 9/22/15, and its failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the minor plaintiff and his mother, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the minor plaintiff and his mother with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

   e. Defendant's failure to inform and to warn of the risks involved in or associated with the minor plaintiff's and his mother's condition and failure to inform and to warn about the treatment of said condition; and

   f. Defendant's failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants, or employees.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, the minor plaintiff, Coligny Rejouis, was caused to sustain severe and permanent personal injuries; has

7

incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XI.

1. The minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, repeats and reavers fully herein Paragraphs One through Six of Count X of this complaint as if each were set forth here in its entirety.

2. On or about 9/22/15, the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, contracted with the minor plaintiff's parents to provide professional services related to the minor plaintiff's and his mother's medical care and treatment.

3. The defendant, Good Samaritan Medical Center, by its agents, servants, or employees, expressly and impliedly warranted to the minor plaintiff's parents that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4. On or about 9/22/15, the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

5. As a direct and proximate result of the defendant, Good Samaritan Medical Center, by its agents', servants', or employees' breach of express and implied warranties, the minor plaintiff, Coligny Rejouis, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XII.

1. The minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, repeats and reavers fully herein Paragraphs One through Six of Count X and Paragraphs One through Five of Count XI of this complaint as if each were set forth here in its entirety.

2. On or about 9/22/15, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

3. On or about 9/22/15, the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff and his mother.

4. On or about 9/22/15, the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, did not inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother.

5. If the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, had informed the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the minor plaintiff and his mother, neither the minor plaintiff's parents nor a reasonable person in their position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the minor plaintiff's parents and a reasonable person in their position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Good Samaritan Medical Center, by its agents', servants', or employees' failure to inform the minor plaintiff's parents of the alternatives to and risks and potential consequences of the defendant's treatment, the minor plaintiff, Coligny Rejouis, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XIII.

1. The plaintiff, Marsha Philemond, is the mother of Coligny Rejouis, and the person responsible for his support and medical care and a resident of Brooklyn, Kings County, New York.

2. The defendant, Good Samaritan Medical Center, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 235 North Pearl Street, Brockton, MA 02301, in Plymouth County, Massachusetts.

3. The plaintiff, Marsha Philemond, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father

and next friend, Diony Rejouis, against the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Good Samaritan Medical Center, by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Marsha Philemond, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Coligny Rejouis, throughout the life of Coligny Rejouis.

WHEREFORE, the plaintiff, Marsha Philemond, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XIV.

1. The plaintiff, Marsha Philemond, is the mother of Coligny Rejouis, and a resident of Brooklyn, Kings County, New York.

2. The defendant, Good Samaritan Medical Center, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 235 North Pearl Street, Brockton, MA 02301, in Plymouth County, Massachusetts.

3. The plaintiff, Marsha Philemond, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Good Samaritan Medical Center, by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Marsha Philemond, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Marsha Philemond, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XV.

1. The plaintiff, Marsha Philemond, is the mother of Coligny Rejouis, and a resident of Brooklyn, Kings County, New York.

2. The defendant, Good Samaritan Medical Center, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 235 North Pearl Street, Brockton, MA 02301, in Plymouth County, Massachusetts.

3.   The plaintiff, Marsha Philemond, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4.   As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, the plaintiff, Marsha Philemond, has had severely restricted the benefit of the full services, society, and affection of Coligny Rejouis.

WHEREFORE, the plaintiff, Marsha Philemond, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## Count XVI.

1.   The plaintiff, Diony Rejouis, is the father of Coligny Rejouis, and the person responsible for his support and medical care and a resident of Taunton, Bristol County, Massachusetts.

2.   The defendant, Good Samaritan Medical Center, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 235 North Pearl Street, Brockton, MA 02301, in Plymouth County, Massachusetts.

3.   The plaintiff, Diony Rejouis, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4.   As a direct and proximate result of the defendant, Good Samaritan Medical Center, by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Diony Rejouis, has incurred and will continue to incur great expense for the medical, surgical, and hospital care and treatment of Coligny Rejouis, throughout the life of Coligny Rejouis.

WHEREFORE, the plaintiff, Diony Rejouis, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XVII.

1.   The plaintiff, Diony Rejouis, is the father of Coligny Rejouis, and a resident of Taunton, Bristol County, Massachusetts.

2.   The defendant, Good Samaritan Medical Center, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 235 North Pearl Street, Brockton, MA 02301, in Plymouth County, Massachusetts.

3. The plaintiff, Diony Rejouis, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As a direct and proximate result of the defendant, Good Samaritan Medical Center, by its agents', servants', or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Diony Rejouis, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Diony Rejouis, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count XVIII.

1. The plaintiff, Diony Rejouis, is the father of Coligny Rejouis, and a resident of Taunton, Bristol County, Massachusetts.

2. The defendant, Good Samaritan Medical Center, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 235 North Pearl Street, Brockton, MA 02301, in Plymouth County, Massachusetts.

3. The plaintiff, Diony Rejouis, repeats and reavers fully herein the allegations contained in the aforementioned Counts pleaded by the minor plaintiff, Coligny Rejouis, through his father and next friend, Diony Rejouis, against the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, in this complaint as if each were set forth here in its entirety.

4. As the direct and proximate result of the negligence, breach of warranties, and failure to obtain informed consent of the defendant, Good Samaritan Medical Center, by its agents, servants, or employees, the plaintiff, Diony Rejouis, has had severely restricted the benefit of the full services, society, and affection of Coligny Rejouis.

WHEREFORE, the plaintiff, Diony Rejouis, prays judgment against the defendant, Good Samaritan Medical Center, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

PLAINTIFFS CLAIM TRIAL BY JURY.

Respectfully submitted,
The plaintiffs,
By their attorney,

ANDREW C. MEYER, JR.
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#:  344300

13