UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLIGNY REJOUIS, PPA DIONY REJOUIS,<br>Plaintiff,<br><br>v.<br><br>United States of America, and<br>GOOD SAMARITAN MEDICAL CENTER,<br>Defendants. | CIVIL ACTION<br>No. 18-cv-11458-FDS |

**DEFENDANT, GOOD SAMARITAN MEDICAL CENTER'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

1. Plaintiff's claims against Good Samaritan Medical Center ("GSMC") are vicarious only, for the alleged negligence of Amy Kogut, CNM ("Ms. Kogut") (See Complaint, attached as **Exhibit A** at p. 6-12, and Excerpt from Plaintiffs' Offer of Proof, attached as **Exhibit B** at p. 2-4, 6).

2. The Complaint and Offer of Proof do not allege negligence against any care provider affiliated with GSMC, other than Ms. Kogut (See **Exhibit A** and **Exhibit B**).

3. GSMC denies all claims against it (See Answer of Defendant, Good Samaritan Medical Center, to Plaintiff's Complaint and Demand for Jury Trial, attached as **Exhibit C**).

4. On July 12, 2018, the United States (the "U.S."), on behalf of Ms. Kogut, filed a Notice of Removal of the action from state to federal court (See Notice of Removal, ECF Document 1, attached as **Exhibit D**). As grounds for the removal, the U.S. asserted that the basis for the plaintiff's Complaint against Ms. Kogut was conduct undertaken "in her capacity as an employee of the United States Government, acting within the scope of her employment", and therefore, the federal court was the proper

venue (See **Exhibit D** at p. 1-2). The Notice of Removal was filed by Ms. Kogut in state court on July 31, 2018, and the action was transferred to the United States District Court on that day. On August 14, 2018, a Notice for Substitution of Counts I through IX was filed by Ms. Kogut (See Notice for Substitution, ECF Document 5, attached as **Exhibit E**).

5. The plaintiff did not oppose the removal of the case to federal court or the substitution of the U.S. for Ms. Kogut. (See Affidavit of Shana M. Solomon in Support of Defendant, Good Samaritan Medical Center's Motion for Summary Judgment and Entry of Separate and Final Judgment at ¶11).

6. At the time of the alleged negligence, Ms. Kogut was an employee of the Brockton Neighborhood Health Center, Inc. ("BNHC"), a health center covered under the Federally Supported Health Centers Assistance Act of 1992 (See **Exhibit E** at ¶¶ 2-4 and Exhibit 2, and Excerpts from the Transcript of the Deposition of Amy Kogut, attached as **Exhibit G** at p. 13:20-21).

7. Ms. Kogut "was acting in the course and scope of her employment with the U.S. at the time of the acts alleged in the Complaint" (See Certificate of United States Attorney, attached as **Exhibit E** at Exhibit 2).

8. Counts I through IX of plaintiff's Complaint against Ms. Kogut were dismissed, and the U.S. was substituted as the defendant in place of Ms. Kogut, because Ms. Kogut was acting within the course and scope of her employment with the U.S. at the time of the alleged negligence, (See Order dated September 18, 2018, ECF Document 28, attached as **Exhibit F**).

9. Ms. Kogut saw patients at BNHC on an outpatient basis, and at GSMC, where she was on staff (See **Exhibit G** at p. 14:12-14, 14:16-15:2).

10. Ms. Kogut was not an employee of GSMC in September 2015 (See Affidavit of Marisela Marrero, attached as **Exhibit H**).

11. In September 2015, Ms. Kogut had privileges to see obstetric patients at GSMC (See **Exhibit H**).

12. There was no contract between Ms. Kogut and GSMC regarding the care provided by Ms. Kogut to patients at GSMC (See **Exhibit H**).

13. Ms. Kogut was not paid a salary by GSMC, or any compensation by GSMC, for the care she rendered at GSMC in September 2015 (See **Exhibit H**).

14. In 2015, GSMC did not bill insurance companies or patients for the care that Ms. Kogut provided patients at its facility (See **Exhibit H**).

15. GSMC has never provided Ms. Kogut with health, dental, disability, life, or liability insurance (See **Exhibit H**).

16. GSMC did not provide paid vacation time or retirement benefits to Ms. Kogut (See **Exhibit H**).

17. GSMC had no right to control the medical care and treatment rendered by Ms. Kogut to patients at GSMC in 2015 (See **Exhibit H**).

18. The obstetric policies that GSMC had in place in 2015 were only meant to provide guidance to the obstetric provider, and were not meant to control the judgment exercised, and the decisions made by the obstetric providers (See **Exhibit H**).

Respectfully submitted,
The Defendant,
**Good Samaritan Medical Center,**
By its attorney,

*/s/ Shana M. Solomon*
Shana M. Solomon, BBO #664188
Preti Flaherty Beliveau & Pachios LLP
60 State Street, Suite 1100
Boston, MA 02109
(617) 226-3800
ssolomon@preti.com

Date: February 21, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 21st day of February, 2020 to:

       Adam R. Stain, Esq.
       Lynn I. Hu, Esq.
       Lubin & Meyer, PC
       100 City Hall Plaza
       Boston, MA 02108
       (617) 720-1229
       asatin@lubinandmeyer.com
       lhu@lubinandmeyer.com

       Susan M. Poswistilo, Esq.
       United States Attorney's Office
       John Joseph Moakley Federal Courthouse
       1 Courthouse Way
       Suite 9200
       Boston, MA 02210
       (617) 748-3103
       susan.poswistilo@usdoj.gov

       */s/ Shana M. Solomon*
       Shana M. Solomon