# **EXHIBIT E**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLIGNY REJOUIS, PPA DIONY REJOUIS, MARSHA PHILEMOND and DIONY REJOUIS,<br>　　　　Plaintiffs<br><br>　　v.<br><br>AMY KOHUT, CNM, and GOOD SAMARITAN MEDICAL CENTER,<br>　　　　Defendants | Civil Action No.<br>18-11458-FDS |

## NOTICE OF SUBSTITUTION FOR COUNTS I THROUGH IX

Please take notice that, pursuant to 28 U.S.C. § 2679(d)(1), the United States of America is hereby substituted for defendant Amy Kogut, CNM) (erroneously named in caption as "Kohut") with respect Counts I through IX of the eighteen (18) count complaint. The grounds for this substitution are as follows.

1.　　Plaintiffs Coligny Rejouis, PPA, Diony Rejouis, Marsha Philemond and Diony Rejouis (collectively "Plaintiffs"), allege in Counts I through IX of their complaint that Kogut was negligent and careless in the care and treatment of plaintiff Coligny Rejouis, on September 22, 2015. Plaintiffs make similar allegations against co-defendant Good Samaritan Medical Center in Counts X through XVIII.

2.　　During the period of time alleged in this Complaint, Kogut was an employee of the Brockton Neighborhood Health Center, Inc. ("BNC"), Brockton, Massachusetts.

3.　　The Federally Supported Health Centers Assistance Act of 1992 (Pub. L. 102-501) provides coverage to federally supported Health Centers and their employees for acts or omissions which occurred on or after January 1, 2009, or when the health center is deemed

1

eligible for coverage, whichever is later. 42 U.S.C. § 233(a). Thus, all actions for negligence of employees of health centers covered under the act must be brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*

4. The BNHC and its employees were deemed eligible for Federal Tort Claims Act malpractice coverage during the years 2014, 2015 and 2016. (*See* Exhibit 1, Declaration of Jill L. Steinberg and Deeming Notice). This coverage continues to the present. Defendant Kogut was an employee of BNHC during the time alleged in the Complaint. *Id.* ¶ 3. Accordingly, Defendant Kogut was, at the time of the acts alleged in this Complaint, acting in the course and scope of her employment pursuant to the Federally Supported Health Care Centers Assistance Act of 1995 (Pub. L. 102-501) and 42 U.S.C. § 233(a). As such, any claims for negligence related to alleged acts or omissions of Defendant Kogut fall within the FTCA, and the exclusive remedy for the plaintiff in this case is against the United States of America. 28 U.S.C. § 2679. Therefore, the United States, and not Defendant Kogut, is the proper party defendant.

5. The United States Attorney has certified that Defendant Kogut was acting in the course and scope of her employment with the United States at the time of the acts alleged in the Complaint. (*See* Exhibit 2, Certificate of United States Attorney).

2

WHEREFORE, Amy Kogut, CMN, requests that the Court substitute the United States of America as the proper party defendant in this case and dismiss her from this action. A proposed Order of Substitution with amended caption is attached.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Dated: August 14, 2018

By: /s/ *Susan M. Poswistilo*
SUSAN M. POSWISTILO (BBO 565581)
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3103
Susan.Poswistilo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as indicated below:.

Attorneys for Plaintiffs:

Andrew C. Meyer, Jr.
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108

Attorney For Good Samaritan

Peter Greenberg (by email only)
pgreenberg@preti.com'

Date: August 14, 2018

/s/ *Susan M. Poswistilo*
Susan M. Poswistilo
Assistant United States Attorney

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| C.R., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AMY KOGUT, CNM, et al. )<br>)<br>Defendants. ) | Case No. 1:18-cv-11458-FDS |

## DECLARATION OF JILL STEINBERG

1. I am an Assistant Regional Counsel in the Boston Regional Office (Region 1), Office of the General Counsel, of the United States Department of Health and Human Services ("the Department"). I am familiar with the official records of administrative tort claims filed against the Department pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, and the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)–(n).

2. I have reviewed official Department records and determined that the Brockton Neighborhood Health Center, Inc. (BNHC) and its employees were deemed eligible for Federal Tort Claims Act malpractice coverage during calendar years 2014, 2015, and 2016. Copies of these notifications from an Associate Administrator for Primary Health Care with the Department to CHC are attached to this Declaration as Exhibit 1.

3. Official agency records further indicate that Amy Kogut, CNM was an employee of BNHC at all times relevant to the Complaint in this case.

1

I declare under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Boston, Massachusetts this 30th day of July, 2018.

*Jill Steinberg*

Jill L. Steinberg
Assistant Regional Counsel
Office of the General Counsel, Region 1
United States Department of Health and Human Services

1. ISSUE DATE: 6/14/2013

2a. FTCA DEEMING NOTICE NO.:
1-FC00000413-13-01

2b. Supersedes: [ ]

3. COVERAGE PERIOD:
FROM: 1/1/2014 THROUGH: 12/31/2014

4. NOTICE TYPE: Renewal

5a. ENTITY NAME AND ADDRESS:
Brockton Neighborhood Health Center, Inc.
63 MAIN ST
BROCKTON, MA 02301-4042

6. ENTITY TYPE: Grantee

7. EXECUTIVE DIRECTOR:
Susan G Joss

8a. GRANTEE ORGANIZATION:
Brockton Neighborhood Health Center, Inc.

8b. GRANT NUMBER: H80CS00560

DEPARTMENT OF HEALTH AND
HUMAN SERVICES
HEALTH RESOURCES AND SERVICES
ADMINISTRATION

NOTICE OF DEEMING ACTION

FEDERAL TORT CLAIMS ACT AUTHORIZATION:
Federally Supported Health Centers Assistance Act
(FSHCAA), as amended.
Sections 224(g)-(n) of the Public Health Service (PHS)
Act, 42 U.S.C. § 233(g)-(n).

9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:

a. The authorizing program legislation cited above,
b. The program regulation cited above, and,
c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

10. Remarks:

The check box [X] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 6/14/2013 11:57:34 AM.

| FTCA DEEMING NOTICE NO.: | GRANT NUMBER: |
|---|---|
| 1-F0000413-14-01 | H80CS00560 |

Brockton Neighborhood Health Center, Inc.
63 MAIN ST
BROCKTON, MA 02301-4042

Dear Susan G Joss:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Brockton Neighborhood Health Center, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2015 through 12/31/2015.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Brockton Neighborhood Health Center, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| 1. ISSUE DATE: 6/30/2015 | |
| 2a. FTCA DEEMING NOTICE NO.: 1-F00000413-15-01 | |
| 2b. Supersedes: [ ] | |
| 3. COVERAGE PERIOD: FROM: 1/1/2016 THROUGH: 12/31/2016 | DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| 4. NOTICE TYPE: Renewal | |
| 5a. ENTITY NAME AND ADDRESS: Brockton Neighborhood Health Center, Inc. 63 MAIN ST BROCKTON, MA 02301-4042 | HRSA<br><br>NOTICE OF DEEMING ACTION<br><br>FEDERAL TORT CLAIMS ACT AUTHORIZATION: Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| 6. ENTITY TYPE: Grantee | |
| 7. EXECUTIVE DIRECTOR: Susan G Joss | |
| 8a. GRANTEE ORGANIZATION: Brockton Neighborhood Health Center, Inc. | |
| 8b. GRANT NUMBER: H80CS00560 | |

9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:

a. The authorizing program legislation cited above.
b. The program regulation cited above, and,
c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLIGNY REJOUIS, PPA DIONY )
REJOUIS, MARSHA PHILEMOND and )
DIONY REJOUIS, )
    Plaintiffs )    Civil Action No.
      )    18-11458-FDS
v. )
  )
AMY KOHUT, CNM, and GOOD )
SAMARITAN MEDICAL CENTER, )
    Defendants )
  )
  )

## CERTIFICATION BY THE UNITED STATES ATTORNEY

Pursuant to 28 U.S.C. § 2679, and by the authority vested in me by 28 C.F.R. § 15.4, I hereby certify that, on the basis of the information now available with respect to the incidents alleged in Counts I through IX of the Complaint, defendant Amy Kogut, CMN, was acting within the scope of her employment as an employee of the United States.

                                                                       */s/ Neil R. Nadell, Acting*
                                                                     ANDREW E. LELLING
                                                                     UNITED STATES ATTORNEY
                                                                     United States Courthouse
                                                                     1 Courthouse Way, Suite 9200
                                                                     Boston, MA 02210
                                                                     (617) 748-3100

Dated: August 13, 2018

1