# **EXHIBIT G**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLIGNY REJOUIS, PPA DIONY REJOUIS, MARSHA PHILEMOND and DIONY REJOUIS, Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and GOOD SAMARITAN MEDICAL CENTER, Defendants. | CIVIL ACTION<br>No. 18-cv-11458-FDS |

## PLAINTIFF, COLIGNY REJOUIS, PPA DIONY REJOUIS' ANSWERS TO DEFENDANT, GOOD SAMARITAN MEDICAL CENTER'S INTERROGATORIES

### INTERROGATORY NO. 1

Please identify yourself, including as part of your identification: your full name; date of birth; your social security number; the social security number of Coligny Rejouis; your residence and business address; occupation; marital status; and, the names, addresses and ages of your spouse, if any, and children.

### Answer No. 1

Name: Diony Rejouis
DOB: 8/11/75
Residence: 28 Cederview Circle, Milford, MA 01575
Business: Associated Home Care, 98 East Grove Street, Middleborough, MA 02346
Occupation: Home health aide
Marital status: Single
Children: Coligny Rejouis, age 4

### INTERROGATORY NO. 2

With respect to the allegations of plaintiffs' Complaint, please set forth:

(a) specifically and in detail how you claim the conduct of defendant, Good Samaritan Medical Center, or its agents, servants or employees, was negligent and/or did not conform to accepted medical practice;

(b) specifically and in detail how you claim the standard of practice was violated in this regard;

(c) specifically and in detail how the alleged negligence is causally related to the present injury alleged in plaintiffs' Complaint;

(d) specifically and in detail how the alleged negligence is causally related to the present damages alleged in plaintiffs' Complaint;

(e) specifically and in detail, please set forth what steps you claim should have been taken herein to conform to the accepted medical practice and/or standard; and

(f) specifically and in detail set forth the names and addresses of any and all medical practitioners and/or medical experts that you contend will support your allegations.

## Answer No. 2

The plaintiff object to Interrogatory No. 2 on the grounds that said request exceeds the scope of permissible discovery in that it is vague, overly broad, unduly burdensome, seeks an expert opinion and the plaintiff is not an expert, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P., Rule 26.

Notwithstanding and without waiving the objection, please refer to Answer No. 14 and the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

## INTERROGATORY NO. 3

Please state the substance of all statements, communications, or conversations by, or between, Marsha Philemond, Diony Rejouis, or anyone on their behalf and defendant, Good Samaritan Medical Center or its agents, servants or employees, setting forth the dates thereof and the identity of other persons present on each occasion.

Answer No. 3

I am unaware of any such statements, communications or conversations. Further answering, please refer to the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

INTERROGATORY NO. 4

Please give in substance all advice or instructions given by defendant, Good Samaritan Medical Center or its agents, servants or employees, relative to the care and treatment of Coligny Rejouis and/or Marsha Philemond, setting forth the dates of such advice or instructions.

Answer No. 4

I am unaware of any such advice or instructions. Further answering, please refer to the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

INTERROGATORY NO. 5

Please describe in detail any medical information you claim defendant, Good Samaritan Medical Center or its agent, servant or employee possessed or should have possessed and failed to disclose to you and/or Marsha Philemond.

Answer No. 5

The plaintiff object to Interrogatory No. 5 on the grounds that said request exceeds the scope of permissible discovery in that it is vague, overly broad, unduly burdensome, seeks an expert opinion and the plaintiff is not an expert, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P., Rule 26.

Notwithstanding and without waiving the objection, please refer to Answer No. 14 and the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

## INTERROGATORY NO. 6

Please describe in detail all physical, emotional, or mental injuries you claim Coligny Rejouis to have suffered in the past, and is presently suffering as a result of the alleged negligence of any defendant or her/its agent, servant or employee.

### Answer No. 6

Coligny's right arm has been completely flaccid since birth. With only one arm, Diony struggles to feed and dress himself. He requires a lot of help at home and school with everyday tasks that his peers can do themselves. He gets very frustrated and upset because he only has one arm and doesn't like to be different from the other children. Further answering, the plaintiff is pursuing a claim for garden variety emotional distress only.

## INTERROGATORY NO. 7

Please describe in detail any permanent injury you claim Coligny Rejouis to have as a result of the alleged negligence of any defendant or her/its agent, servant or employee.

### Answer No. 7

The plaintiff object to Interrogatory No. 7 on the grounds that said request exceeds the scope of permissible discovery in that it is vague, overly broad, unduly burdensome, seeks an expert opinion and the plaintiff is not an expert, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P., Rule 26.

Notwithstanding and without waiving the objection, please refer to Answer No. 14 and the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

## INTERROGATORY NO. 8

If Coligny Rejouis was confined to the home as a result of any injuries you listed in your answers to Interrogatory Nos. 7 and 8, please state for how long, giving dates as nearly as possible.

### Answer No. 8

To the best of my knowledge, Coligny was confined to the home following his surgery in February 2016. Further answering, please refer to the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

4

## INTERROGATORY NO. 9

If Coligny Rejouis was confined to bed as a result of any injuries you listed in your answers to Interrogatory Nos. 7 and 8, please state for how long, giving dates as nearly as possible.

## Answer No. 9

To the best of my knowledge, Coligny was confined to the bed following his surgery in February 2016. Further answering, please refer to the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

## INTERROGATORY NO. 10

Please identify each and every medical practitioner and/or mental health care provider who treated Coligny Rejouis since birth, including as part of your identification: the name and address of each such medical practitioner; the dates of treatment; nature of the ailment or illness for which Coligny Rejouis was treated; and the nature of any treatment or examination performed.

## Answer No. 10

The plaintiff objects to Interrogatory No. 10 on the grounds that said request exceeds the scope of permissible discovery in that it is vague, overly broad, unduly burdensome, seeks information protected from discovery pursuant to the patient-psychotherapist privilege and patient-social worker privilege, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P., Rule 26.

Notwithstanding and without waiving the objection, to the best of my knowledge, Coligny has treated at Brockton Neighborhood Health Center, Boston Children's Hospital and Milford Regional Medical Center. Between his surgery and starting school, Coligny received Early Intervention services. Today, he receives therapy through his school, Shining Star in Milford, MA, Boston Children's Hospital and Milford Regional Medical Center. Further answering, please refer to the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery. Additionally, the plaintiff is pursuing a claim for garden variety emotional distress only.

## INTERROGATORY NO. 11

Please identify each and every hospital, medical clinic, emergency room, and/or other medical facility where Coligny Rejouis was seen, either as an inpatient or outpatient, since birth, including as part of your identification, the name and address of each such facility; the dates of admission or discharge; the nature of the ailment or illness for which Coligny Rejouis was seen; the nature of any treatment or operations performed; and the names and addresses of attending physicians and operating surgeons, if any.

### Answer No. 11

**Please refer to Answer No. 10 and the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.**

## INTERROGATORY NO. 12

If anyone was employed to nurse Coligny Rejouis as a result of the alleged negligence of any defendant or her/its agent, servant or employee, please give the dates as nearly as possible between which the nursing took place and the names of all persons who cared for Coligny Rejouis.

### Answer No. 12

**I have not employed a nurse to care for Coligny, however I require and receive a great deal of support and help from my family in caring for Coligny. Further answering, please refer to the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.**

## INTERROGATORY NO. 13

Please set forth, specifically, the names and address of all witnesses who will testify in support of your allegations contained in the plaintiffs' Complaint.

Answer No. 13

Diony Rejouis
Milford, MA

Marsha Philemond
Brockton, MA

Bertine Johnson
Milford, MA

Willia Frederic
Taunton, MA

Alexander M. Friedman, MD, MS, MPH
New York NY

Amy Kogut, CNM

Any and all employees at Brockton Neighborhood Health Center, including but not limited to the following individuals:

Suzette Bellevue                                  Madeline Mbuyamba

Any and all employees at Good Samaritan Health Center, including but not limited to the following individuals:

Soheil Amin-Hanjani, M.D.              Kathleen Mcnamara, RN
David Edinburgh, M.D.                   Kristen Holmes, RN
Enriqueta Ribeiro, RN                   Nancy George, RN
K. Ballentine, CNM                      Pamela Martin, RN
Radhika Angara, M.D.                    Erin Parsekian, RN
Nisreen Maari, M.D.                     Pamela Hamlet, RN
Susan Manning, RN                       Kathleen Pringle, CNA
Catherine Pendleton, RN                 Amanda McAvoy, SNA
Ave Kenney, RN                          Lurdes Melo, CNA
Connie Wilder, RN                       Neila Alvarez, M.D.
Janice Barry, CNA                       Jennifer        Anderson,        CNM

Any and all employees at Boston Children's Hospital, including but not limited to the following individuals:

Peter Waters, M.D.                      Beverlie Ting, M.D.
Andrea Bauer, M.D.                      Susan Morehouse, PT
Jessica Burns, PNP

7

The plaintiff reserves the right to supplement this answer.

## INTERROGATORY NO. 14

With respect to each expert witness whom you expect to be called for testimony on behalf of the plaintiff at trial, please state, specifying separately as to each expert:

    (a)    the subject matter on which the expert is expected to testify;

    (b)    the substance of the facts and opinions to which each such expert is expected to testify;

    (c)    a summary of the grounds for each opinion of each such expert; and

    (d)    every item any expert retained by you in this case has reviewed.

## Answer No. 14

The plaintiff has made no determination regarding who will testify at trial as an expert in this matter. The following expert may be called to testify at the time of trial depending upon the scheduling of the trial by the court and the expert's availability. To the extent the expert is unavailable to testify at the time of trial, the plaintiff expects to call to trial, as a substitute for this expert, an expert who is expected to testify to the same opinions on the same grounds:

Alexander Friedman, M.D.
200 East 94th Street, Apartment 623
New York, NY 10128

Further answering, please refer to the Plaintiff's Expert Disclosure previously produced to the defendants, which the plaintiff adopts and incorporates herein by reference. The plaintiff reserves the right to supplement this answer.

## INTERROGATORY NO. 15

Please describe the educational history of Coligny Rejouis, including as part of your description: the name and address of each school attended; dates of attendance; highest grade or class obtained; and degree(s) conferred.

## Answer No. 15

Coligny is presently in preschool at Shining Star in Milford, MA.

8

## INTERROGATORY NO. 16

Please describe all financial losses you claim Coligny Rejouis to have suffered as a result of the alleged negligence, including as part of your description: the amount (itemizing, as far as possible) of doctors' bills, nurses' bills, hospital expenses; and loss in wages, salary or business.

## Answer No. 16

To the best of my knowledge, insurance covers the majority of Coligny's medical bills, however I am responsible for out of pocket expenses. The plaintiff is in the process of gathering further information and reserves the right to supplement this answer. Further answering, please refer to the Answer No. 14 and the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

## INTERROGATORY NO. 17

If, as a result of the occurrences alleged in your Complaint, you are seeking to recover for any economic loss, including, but not limited to, costs or expenses of hospitals, doctors, medicines, medical care, custodial care or rehabilitation services, and/or loss of earnings, please set forth in detail whether any such loss has been or will be replaced, compensated or indemnified, or paid for directly:

(a) by social security; and if so, please state the amount so compensated, replaced, indemnified, or paid directly;

(b) by any state or federal income disability or worker's compensation act; and, if so, please identify the income disability or worker's compensation act; and state the amount replaced, compensated or indemnified, or paid directly;

(c) by any insurance program that provides health benefits; and, if so, please identify the insurance, the insurance company, and/or the program; and the amount replaced, compensated or indemnified, or paid directly;

(d) by some form of income disability coverage; and, if so, please identify the disability coverage; and state the amounts so replaced, compensated or indemnified, or paid directly;

(e) by any contract or agreement of any group, organization, partnership, or corporation to provide, pay for or reimburse, the cost of medical, hospital, dental or other health-care services; and if so, describe the contract or agreement and identify the group, organization, partnership, or corporation and the amount;

(f) by any contract or agreement to continue to pay, in whole or in part, your wages or income; and if so, describe the contract or agreement and the amount; and

(g) by any other collateral sources of benefits whatsoever; and if so, describe each source and the amount.

### Answer No. 17

To the best of my knowledge, insurance covers the majority of Coligny's medical bills, however I am responsible for out of pocket expenses. Coligny does not receive any additional benefits.

### INTERROGATORY NO. 18

Please describe in detail the facts supporting any loss of enjoyment of living, emotional distress, and great pain of body and anguish of mind Coligny Rejouis claims to have suffered as a result of the alleged negligence.

### Answer No. 18

Please refer to Answer No. 6 and the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

### INTERROGATORY NO. 19

Please describe in detail the facts supporting your claim that Coligny Rejouis is unable to pursue normal activities as a result of the alleged negligence.

### Answer No. 19

The plaintiff object to Interrogatory No. 19 on the grounds that said request exceeds the scope of permissible discovery in that it is vague, overly broad, unduly burdensome, seeks an expert opinion and the plaintiff is not an expert, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P., Rule 26.

Notwithstanding and without waiving the objection, please refer to Answer No. 14 and the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

### INTERROGATORY NO. 20

Please describe in detail the facts supporting your claim that Coligny Rejouis' ability to earn income has been permanently adversely affected as a result of the alleged negligence.

### Answer No. 20

The plaintiff object to Interrogatory No. 20 on the grounds that said request exceeds the scope of permissible discovery in that it is vague, overly broad, unduly burdensome, seeks an expert opinion and the plaintiff is not an expert, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P., Rule 26.

Notwithstanding and without waiving the objection, please refer to Answer No. 14 and the documents, pleadings, and medical records already exchanged among counsel during the course of litigation and produced in the course of discovery.

### INTERROGATORY NO. 21

Please list separately, by payee, any and all payments made by you and/or Marsha Philemond, or by someone on your or Marsha Philemond's behalf representing the cost of premiums for any benefits you have listed in the answer to Interrogatory No. 18 made in the one-year period immediately preceding the accrual of your cause of action.

### Answer No. 21

The plaintiff is in the process of gathering further information and reserves the right to supplement this answer.

### INTERROGATORY NO. 22

If during the pendency of this action, Coligny Rejouis, Marsha Philemond, or you have a policy of insurance, which provides health benefits or income disability coverage for Coligny Rejouis, please state:

    (a)    name of the parties to this policy including addresses;

    (b)    date of issuance;

    (c)    date of termination;

    (d)    whether or not you are willing to renew and/or continue the policy of insurance during the pendency of this action.

### Answer No. 22

To the best of my knowledge, Coligny has been covered by Mass Health and Tufts Healthcare.

### INTERROGATORY NO. 23

If, as a result of the occurrences alleged in your Complaint, Coligny Rejouis, Marsha Philemond, and/or you have suffered any economic loss for which any present or potential lien has been or will be made with regard to that loss, please state:

    (a)    the name and address of any such lienholder;

    (b)    the date upon which you learned of any such lien; and

    (c)    the amount of any such lien.

### Answer No. 23

Lien amounts have been requested and the plaintiff reserves the right to supplement this answer.

### INTERROGATORY NO. 24

Describe in detail any and all accidents in which Coligny Rejouis has been involved, including as part of your description: the date of the accident; the place of the accident; the names and addresses of the parties involved in the accident; a description of any injuries sustained; whether a police report was made in connection with said accident; and if a claim was made, by whom, against whom, and when it was made.

### Answer No. 24

To the best of my knowledge, Coligny has never been involved in any such accidents.

### INTERROGATORY NO. 25

Please describe any lawsuits that Coligny Rejouis has filed or been involved in as a plaintiff or defendant, including as part of your description: the state, county, and court where such claim or lawsuit was instituted; the names and addresses of the opposing parties in said lawsuit and their attorneys; the date of said lawsuit; the date of the accident and injury sustained by you, if any; and the place in which the claim took place.

### Answer No. 25

To the best of my knowledge, Coligny has never been involved in any other lawsuits.

Signed under the pains and penalties of perjury this 18 day of Oct, 2019.

*(signature)*

COLIGNY REJOUIS, PPA DIONY REJOUIS

As to objections:

*(signature)*

ADAM R. SATIN, BBO# 633069
LYNN I. HU, BBO# 690823
LUBIN & MEYER, P.C.
100 CITY HALL PLAZA
BOSTON, MA 02108
(617) 720-4447

14